Electronically FILED by Superior Court of California, County of Riverside on 03/22/2024 12:55 PM
Case Number CVRI2401530 0000087761153 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
**ADAMSON AHDOOT LLP**
1150 S. Robertson Blvd.
Los Angeles, California 90035
T: 310.888.0024
F: 888.895.4665
E: alan@aa.law
E: christopher@aa.law

Attorneys for Plaintiff
RANSOME NDI NFOR

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

## UNLIMITED JURISDICTION

| | |
|---|---|
| RANSOME NDI NFOR, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF PERRIS; COUNTY OF RIVERSIDE; STATE OF CALIFORNIA; MICHAEL ANTHONY ARREOLA; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.:  CVRI2401530 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br><br> 1. **NEGLIGENCE** <br><br> 2. **VIOLATION OF TITLE 42 § 1983** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff RANSOME NDI NFOR (hereinafter "PLAINTIFF"), for Causes of Action against Defendants CITY OF PERRIS (hereinafter "DEFENDANT CITY"); COUNTY OF RIVERSIDE (hereinafter "DEFENDANT COUNTY"); STATE OF CALIFORNIA (hereinafter "DEFENDANT STATE"); MICHAEL ANTHONY ARREOLA (hereinafter "DEFENDANT ARREOLA"); and DOES 1-100, inclusive (collectively hereinafter "DEFENDANTS"); and each of them, complains and alleges as follows:

## **GENERAL ALLEGATIONS**

1. The claims set forth herein arise from a motor vehicle collision that occurred on December 8, 2023, in or around the City of Perris, County of Riverside, California (hereinafter "SUBJECT INCIDENT"), which caused severe personal injuries to PLAINTIFF.

2. PLAINTIFF is informed, believes, and thereon alleges, DEFENDANT ARREOLA was, and is, a resident of the County of Riverside, California.

3. DEFENDANTS PERRIS, COUNTY, STATE, and each of them, at all times herein relevant, are a public entity duly organized and existing under and by virtue of laws of the State of California and authorized to do and are doing business in the State of California.

4. PLAINTIFF'S injuries occurred on Redlands Avenue, south of San Jacinto Avenue, in or around the City of Perris ("SUBJECT LOCATION"), which falls within the Riverside County Judicial District, and this Court is therefore the proper Court in which to bring this action, pursuant to *Code of Civil Procedure* sections 395 and 396.

5. DEFENDANTS PERRIS, COUNTY, STATE, and each of them, at all times herein relevant, are a public entity duly organized and existing under and by virtue of laws of the State of California and authorized to do and are doing business in the State of California.

6. On or about January 12, 2024, prior to the filing of this Complaint, and pursuant to the provisions of Government Code section 910, et seq., PLAINTIFF timely, properly, and duly submitted to DEFENDANT CITY, a claim form for the injuries and damages set forth herein on account of the events described herein. Attached hereto as "**Exhibit 1**" is a true and correct copy of PLAINTIFF'S claim form. On or about January 29, 2024, PLAINTIFF received correspondence from

1    DEFENDANT CITY, by and through PERMA. PERMA stated that PLAINTIFF's claim was
2    rejected. Attached hereto as "**Exhibit 2**" is a true and correct copy of DEFENDANT CITY'S rejection
3    letter.

4        7.    On or about January 12, 2024, prior to the filing of this Complaint, and pursuant to the
5    provisions of Government Code section 910, et seq., PLAINTIFF timely, properly, and duly
6    submitted to DEFENDANT COUNTY, a claim form for the injuries and damages set forth herein on
7    account of the events described herein. Attached hereto as "**Exhibit 3**" is a true and correct copy of
8    PLAINTIFF'S claim form. On or about January 30, 2024, PLAINTIFF received correspondence from
9    DEFENDANT COUNTY rejecting PLAINTIFF'S claim. Attached hereto as "**Exhibit 4**" is a true
10   and correct copy of DEFENDANT COUNTY'S rejection letter.

11       8.    On or about January 12, 2024, prior to the filing of this Complaint, and pursuant to the
12   provisions of Government Code section 910, et seq., PLAINTIFF timely, properly, and duly
13   submitted to DEFENDANT STATE, a claim form for the injuries and damages set forth herein on
14   account of the events described herein. Attached hereto as "**Exhibit 5**" is a true and correct copy of
15   PLAINTIFF'S claim form. To date, PLAINTIFF has not received a response from DEFENDANT
16   STATE in regard to PLAINTIFF'S claim form.

17       9.    PLAINTIFF is informed, believe, and thereon allege, that DEFENDANTS CITY,
18   COUNTY, STATE and DOES 1-100 have a statutory duty and are statutorily liable for injury caused
19   by their act or omission to the same extent as a private person would be, as provided by Government
20   Code Section 820(a).

21       10.    The true names and capacities, whether individual, plural, corporate, partnership,
22   associate, or otherwise, of DOES 1-100, inclusive, are unknown to PLAINTIFF, who therefore sue
23   said DEFENDANTS by such fictitious names. The full extent of the facts linking such fictitiously
24   sued DEFENDANTS are unknown to PLAINTIFF. PLAINTIFF is informed, believes, and thereon
25   alleges that each of the DEFENDANTS designated herein as a DOE was, and is, negligent, or in some
26   other actionable manner, responsible for the events and happenings hereinafter referred to, and
27   thereby negligently, or in some other actionable manner, legally and proximately caused the described
28   injuries and damages to PLAINTIFF. PLAINTIFF will seek leave of the Court to amend this

1   Complaint to show the DEFENDANTS' true names and capacities after the same have been
2   ascertained.

3       11.     PLAINTIFF is informed, believes, and thereon alleges that at all times relevant and
4   mentioned herein, DEFENDANTS, and each of them, were the agents, servants, employees, and/or
5   successors in interest, and/or joint venturers of their co-defendants, and each of them was acting
6   within the course, scope, and authority of said agency, employment, and/or venture, and that each
7   and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and
8   hiring, retention, training and supervision of each and every other defendant as an agent, employee
9   and/or joint venturer. Further, that each said defendant, while acting as a principal, expressly directed,
10  consented to, approved, affirmed, and ratified each and every action taken by their co-defendants, as
11  alleged. PLAINTIFF is informed, believes, and thereon alleges that said fictitiously named
12  DEFENDANTS, and each of them, engaged in the same or similar conduct as DEFENDANTS,
13  thereby proximately causing PLAINTIFF'S injuries and damages as set forth herein, either through
14  the said fictitious DEFENDANTS' own negligent conduct or through the conduct of agents, servants,
15  or employees, or due to their pursuit of the vehicle operated by DEFENDANT ARREOLA.

16      12.     PLAINTIFF is informed and believes, and thereon alleges, that pursuant to California
17  Government Code §§ 815.2, 815.4, and 820(a), DEFENDANTS and DOES 1-100, inclusive are
18  vicariously liable for the action and omissions of their employees, agents, or independent contractors.

19      13.     On December 8, 2023, the date of the SUBJECT INCIDENT, police officer(s) were
20  operating police cruisers in pursuit of DEFENDANT ARREOLA, who was the operator of a 2007
21  Acura TL ("SUBJECT VEHICLE"), traveling northbound on Redlands Avenue. PLAINTIFF is
22  informed, believes, and thereon alleges, at all times relevant and mentioned herein, that the police
23  cruisers and SUBJECT VEHICLE were owned, operated, managed, maintained, inspected, and/or
24  otherwise controlled by DEFENDANTS and DOES 1-100.

25      14.     On December 8, 2023, PLAINTIFF was operating a 2012 Hyundai Elantra (hereinafter
26  "PLAINTIFF'S VEHICLE"), traveling southbound on Redlands Avenue. At the same time and
27  location, the police officers and DEFENDANT ARREOLA were operating their vehicles without due
28  care, causing DEFENDANT ARREOLA to collide with PLAINTIFF'S VEHICLE.

1     15.   At said time and place, DEFENDANTS, and each of them, had a duty to exercise
2   reasonable care in the ownership, supervision, operation, and maintenance of the police cruisers and
3   SUBJECT VEHICLE, so as not to create an unreasonable risk of harm to others using the public
4   roadway. Despite these duties, DEFENDANTS, and each of them, negligently, recklessly, and
5   carelessly managed, maintained, drove, operated, controlled, entrusted, and supervised the operation
6   of the police cruisers and SUBJECT VEHICLE, so as to directly and proximately cause the SUBJECT
7   VEHICLE to collide with PLAINTIFF'S VEHICLE while traveling as previously stated, thereby
8   causing PLAINTIFF'S injuries and damages alleged herein.

9     16.   PLAINTIFF is informed, believe, and thereon allege, that at all times herein relevant,
10  the police officer(s) were employed by DEFENDANTS, and was, at all times herein relevant, acting
11  within the scope of his duties for DEFENDANTS. PLAINTIFF is further informed, believe, and
12  thereupon allege that at all times herein relevant, the police officer(s) were driving police cruisers,
13  which was owned, controlled, maintained, managed, operated, and used by DEFENDANTS, and
14  which was entrusted to the police officer(s) so that he could perform the duties of his employment.
15  PLAINTIFF is further informed, believes, and thereon alleges, that at all times herein relevant,
16  DEFENDANTS, authorized the police officer(s) to use the police cruiser for the purposes the police
17  officer(s) saw fit during the course and scope of his duties.

18    17.   As a result of the SUBJECT INCIDENT, PLAINTIFF suffered severe, traumatic,
19  debilitating, and permanent injuries that necessitated significant medical care.

20                          **FIRST CAUSE OF ACTION**

21                               **NEGLIGENCE**

22              (By PLAINTIFF against DEFENDANT ARREOLA and DOES 1-100)

23    18.   PLAINTIFF re-alleges and incorporates herein by reference each and every allegation
24  and statement contained in the prior paragraphs.

25    19.   PLAINTIFF is informed, believes, and thereon alleges, at all times relevant and
26  mentioned herein, DEFENDANTS, and each of them, owed a duty of care to all reasonably
27  foreseeable people, including PLAINTIFF, to own, lease, manage, maintain, entrust, operate, drive,
28  and/or control the SUBJECT VEHICLE in a reasonable manner.

20.     PLAINTIFF is informed, believes, and thereon alleges, at all times relevant and mentioned herein, DEFENDANTS, and each of them, carelessly and negligently owned, leased, managed, maintained, and/or entrusted the SUBJECT VEHICLE to DEFENDANT ARREOLA, who carelessly and negligently operated, drove, and/or controlled the SUBJECT VEHICLE, so as to legally, directly, and proximately cause the SUBJECT INCIDENT.

21.     PLAINTIFF is informed, believes, and thereon alleges, DEFENDANTS, and each of them, breached their duty to own, lease, manage, maintain, entrust, control, and/or operate the SUBJECT VEHICLE in a reasonable manner, thereby causing bodily injuries to PLAINTIFF.

22.     PLAINTIFF is informed, believes, and thereon alleges, DEFENDANTS were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

23.     PLAINTIFF is informed, believes, and thereon alleges, at all times mentioned herein, DEFENDANTS, carelessly and negligently, owned, leased, managed, maintained, controlled, entrusted and/or operated the SUBJECT VEHICLE so as to legally and proximately cause the same to collide with PLAINTIFF'S VEHICLE.

24.     More specifically, PLAINTIFF is informed, believes, and thereon alleges, at all times relevant and mentioned herein, DEFENDANT ARREOLA carelessly and negligently operated, drove, and/or controlled the SUBJECT VEHICLE, owned and operated by DEFENDANTS, thereby colliding with PLAINTIFF'S VEHICLE.

25.     PLAINTIFF is informed, believes, and thereon alleges, at all times relevant and mentioned herein, said careless and negligent conduct of DEFENDANTS, and each of them, in regard to the ownership, leasing, management, maintenance, entrustment, operation, driving, and/or control of the SUBJECT VEHICLE was the direct, legal and proximate cause of the injuries and damages to PLAINTIFF as herein alleged.

26.     As a legal, direct, and proximate result of the aforementioned conduct of the

1   DEFENDANTS, and each of them, PLAINTIFF was injured and hurt in his health, strength and/or

2   activity, sustaining serious injuries to his body, and/or shock and injury to his nervous system and

3   person, all of which said injuries have caused and continue to cause PLAINTIFF great physical and/or

4   mental pain and suffering. PLAINTIFF is further informed, believes, and thereon alleges that said

5   injuries will result in some permanent disability to him, all to his general damage in an amount which

6   will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

7       27.     As a legal, direct, and proximate result of the aforementioned conduct of

8   DEFENDANTS, and each of them, PLAINTIFF sustained damage to his property in an amount which

9   will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

10      28.     As a legal, direct and proximate result of the aforementioned conduct of

11  DEFENDANTS, and each of them, PLAINTIFF was prevented from attending his usual occupation

12  and/or PLAINTIFF is informed and believes, and thereon alleges, that he will be prevented from ever

13  attending to his occupation in the future, and thereby will also sustain a loss of earning capacity and

14  loss of opportunity, in addition to lost earnings, past, present, and future according to proof, pursuant

15  to California *Code of Civil Procedure* Section 425.10.

16      29.     As a legal, direct, and proximate result of the conduct of the DEFENDANTS, and each

17  of them, PLAINTIFF was compelled to and did employ the services of hospitals, physicians,

18  surgeons, nurses and the like, to care for and treat their injuries, and did incur hospital, medical,

19  professional and incidental expenses, and PLAINTIFF is informed and believes, and thereon alleges,

20  that by reason of his injuries, he will necessarily incur additional like expenses for an indefinite period

21  of time in the future, the exact amount of which expenses will be stated according to proof, pursuant

22  to California *Code of Civil Procedure* Section 425.10.

23                          **SECOND CAUSE OF ACTION**

24                          **VIOLATION OF TITLE 42 § 1983**

25          (By PLAINTIFF against DEFENDANTS CITY, COUNTY, STATE and DOES 1-100)

26      30.     PLAINTIFF re-alleges and incorporates herein by reference each and every allegation

27  and statement contained in the prior paragraphs.

28      31.     At all times mentioned herein DEFENDANTS, DOES 1 through 100, and each of

them were under a duty not to deprive PLAINTIFF of his rights as afforded to him under the United States Constitution and California Constitution, including but not limited to, bodily harm.

32. DEFENDANTS DOES 1 through 100, and each of them deprived PLAINTIFF of his rights there under by engaging in conduct, as set forth in the prior paragraphs, which resulted in PLAINTIFF'S injuries and damages.

33. While engaged in the aforementioned conduct, DEFENDANTS, DOES 1 through 100, and each of them were acting under the color of law of a statute, ordinance, regulation, custom, or practice that regulates or governs DEFENDANTS and their employees.

34. As employers and supervisors, DEFENDANTS owed PLAINTIFF a duty to manage, supervise, review, investigate and monitor their police officers conduct and behavior as so to prevent their police officers from harming public citizens while acting under the color of law or in the course and scope of their duties for DEFENDANTS.

35. DEFENDANTS breached their duty of care owed to PLAINTIFF by failing to manage, supervise, review, investigate and monitor their police officers' field conduct, behavior, activities, and psychological profiles. DEFENDANTS failings were in direct violation of PLAINTIFF'S substantive rights under the United States Constitution.

36. DEFENDENTS' breach resulted in a direct violation of PLAINTIFF'S constitutional rights to be free from fear of bodily harm, assault, and mental and emotional distress.

37. DEFENDANTS' failings amounted to a deliberate indifference to PLAINTIFF'S Constitutional rights because DEFENDANTS had actual or constructive notice that its failures were substantially certain to result in a violation of PLAINTIFF'S constitutional rights, but it consciously and deliberately chooses to disregard the substantial risk of harm.

38. PLAINTIFF is informed and believes, and on such information and belief allege that DEFENDANTS' failure to manage, supervise, review, investigate and monitor their police officers' field conduct, behavior, activities and psychological profiles were not limited to the police officer's violations of PLAINTIFF'S constitutional rights. Rather, PLAINTIFF is informed and believes, and on such information and belief alleges that DEFENDANTS had a long-standing custom or practice of consistently and repeatedly failing to manage, supervise, review, investigate and monitor their

police officers field conduct, behavior, activities and psychological profiles with public citizens.

39.     PLAINTIFF is informed and believes, and thereon alleges, DEFENDANTS and DOES 1 through 100, inclusive, engaged in said conduct with a conscious disregard of the dangers such conduct would and did create for the rights and safety of PLAINTIFF. PLAINTIFF is further informed and believes, and thereon alleges that said police officer who was employed, managed, supervised, trained, retained, and contracted by DEFENDANTS, acted with malice in that they engaged in despicable conduct and in conscious disregard of the rights, safety, and welfare of PLAINTIFF. Said conduct of the police officer was oppressive, despicable, highly reprehensible, and done in the conscious disregard for the rights and safety of DECE, and as such, warrants imposition of punitive damages against DEFENDANTS.

40.     As a legal, direct, and proximate result of the aforementioned conduct of the DEFENDANTS, and each of them, PLAINTIFF was injured and hurt in his health, strength and/or activity, sustaining serious injuries to his body, and/or shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause PLAINTIFF great physical and/or mental pain and suffering. PLAINTIFF is further informed, believes, and thereon alleges that said injuries will result in some permanent disability to him, all to his general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

41.     As a legal, direct, and proximate result of the aforementioned conduct of DEFENDANTS, and each of them, PLAINTIFF sustained damage to his property in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

42.     As a legal, direct and proximate result of the aforementioned conduct of DEFENDANTS, and each of them, PLAINTIFF was prevented from attending his usual occupation and/or PLAINTIFF is informed and believes, and thereon alleges, that he will be prevented from ever attending to his occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present, and future according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

43.     As a legal, direct, and proximate result of the conduct of the DEFENDANTS, and each of them, PLAINTIFF was compelled to and did employ the services of hospitals, physicians,

surgeons, nurses and the like, to care for and treat their injuries, and did incur hospital, medical, professional and incidental expenses, and PLAINTIFF is informed and believes, and thereon alleges, that by reason of his injuries, he will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California *Code of Civil Procedure* Section 425.10.

## **PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFFS, hereby pray for judgment against DEFENDANTS and DOES 1-100, inclusive; and each of them, as follows:

1.   For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.   For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.   For prejudgment interest, according to proof;

4.   For cost of suit incurred herein, including attorney's fees, according to proof;

5.   For damages for PLAINTIFF'S other losses, according to proof;

6.   Punitive damages; and

7.   For such other and further relief as the Court may deem just and proper.

Dated: March 22, 2024

Respectfully submitted,
ADAMSON AHDOOT LLP


By: _____
        Christopher B. Adamson, Esq.
        Attorneys for Plaintiff
        RANSOME NDI NFOR

///

///

///

## **DEMAND FOR TRIAL BY JURY**

PLAINTIFF hereby demand as trial by jury as to all causes of action.

Dated: March 22, 2024

Respectfully submitted,
ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
RANSOME NDI NFOR

# EXHIBIT 1

**Personally Deliver or Mail to the:**
**City Clerk or Secretary for the**
**City of Perris**
**101 North "D" Street**
**Perris, CA 92570**

# CLAIM FOR MONEY OR DAMAGES AGAINST THE CITY OF PERRIS

RESERVE FOR FILING STAMP

**Note:** A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented not later than one year after the accrual of the cause of action. See California Government Code §911.2.

**If additional space is needed to provide your information, please attach separate sheets which identify the paragraph(s) being answered. Sign, date and number all attachments to the claim form.**

1. Name and Post Office address of the Claimant:

   Name of Claimant: RANSOME NDI NFOR

   Post Office Address: 1150 S ROBERTSON BLVD

   LOS ANGELES CA 90035

   Telephone: (310)888-0024

   Email address: ELIJAH@AA.LAW / CHRISTOPHER@AA.LAW

2. Post Office address to which the person presenting the claim desires notices to be sent:

   Name of Addressee: CHRISTOPHER B. ADAMSON, ESQ.     Relationship to Claimant: ATTORNEY

   Post Office Address: 1150 S ROBERTSON BLVD

   LOS ANGELES CA 90035

   Telephone: (310)888-0024     Email: ELIJAH@AA.LAW / CHRISTOPHER@AA.LAW

3. Claimant date of birth, Social Security Number and gender:

   Date of Birth: 09/03/1994

   Social Security Number: N/A

   Gender: M

   Medicare/Medi-Cal Recipient     YES ☐     NO ☒

   Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA) (P.L. 110-173), adds mandatory reporting requirements for liability insurance (including self-insurance) and public entities. See 42 U.S.C. 1395y(b)(8). The City is requesting this information to comply with the requirements of MMSEA and will not disseminate this information, except for reporting purposes as required by the Act referenced above. You understand that if you are a Medicare beneficiary and you do not provide the requested information, you may be violating obligations as a beneficiary to assist the Centers for Medicare & Medicaid Services in coordinating benefits to pay your claims correctly and promptly.

4. The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.

   Date of Occurrence: 12/08/2023     Time of Occurrence: 9:45PM

   Location: REDLANDS AVE / E SAN JACINTO AVE - PERRIS, CA

   Circumstances giving rise to this claim: CLAIMANT WAS HEADED HOME AFTER PRACTICING SPORTS WITH FRIENDS. HE WAS TRAVELING EASTBOUND ON E SAN JACINTO AVE MAKING A RIGHT TURN ONTO SOUTHBOUND REDLANDS

Page 1 of 3

AVE WHEN HE NOTICED A HIGH SPEED PURSUIT SPEEDING UP NORTHBOUND REDLANDS AVE. BEFORE CLAIMANT COULD MAKE ATTEMPTS TO AVOID A COLLISION, THE EVADING PARTY COLLIDED INTO CLAIMANT'S VEHICLE.

5.  General description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of the presentation of the claim.

CLAIMANT WAS A VICTIM OF NEGLIGENCE ON BEHALF OF THE CITY OF PERRIS, THE COUNTY OF RIVERSIDE, THE STATE OF CALIFORNIA, THE RIVERSIDE COUNTY SHERIFF DEPARTMENT, AND DEPUTY LABACO #5797 DUE TO THE PRIMARY CRASH FACTOR BEING A HIGH SPEED PURSUIT.

6.  The name or names of the public employee or employees causing the injury, damage, or loss, if known.

CITY OF PERRIS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, RIVERSIDE COUNTY SHERIFF DEPARTMENT, AND DEPUTY LABACO #5797

7.  **If amount claimed totals less than $10,000:**  If the amount claimed totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

Amount Claimed and basis for computation:  TBD

8.  **If amount claimed exceeds $10,000:**  If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim.  However, it shall indicate whether the claim would be a limited civil case.  A limited civil case is one where the recovery sought, exclusive of attorney fees, interest and court costs, does not exceed $25,000.  An unlimited civil case is one in which the recovery sought is more than $25,000.  See California Code of Civil Procedure §86.

☐ Limited Civil Case              ☒ Unlimited Civil Case

9.
    Name, address and telephone number of any witness(es) to the occurrence or transaction which gave rise to the claim asserted:

JUDE NJOFANG

(240)551-6295

28333 SOCORRO ST UNIT 49, MURRIETA, CA 92563

10.  If the claim involves medical treatment for a claimed injury, please provide the name, address and telephone number of any doctor(s) or hospital(s) providing treatment:

AMR AMBULANCE - (951)782-5200 - 879 MARLBOROUGH AVE, RIVERSIDE, CA 92507

RIVERSIDE UNIVERSITY HEALTH SYSTEM - (951)486-5650 - 26520 CACTUS AVE, MORENO VALLEY, CA 92555

ANIL DATE MD - (661)803-7849 - 27141 HIDAWAY AVE STE 106, CANYON COUNTRY, CA 91351

ALL STAR PHYSICAL THERAPY - (951)723-8100 - 30141 ANTELOPE RD STE A, MENIFEE, CA 92584

TEMECULA ADVANCED IMAGING - (951)244-6700 - 29798 HAUN RD STE 103, MENIFEE, CA 92586
*If applicable, please attach any medical records or reports, medical bills or similar documents supporting your claim.*

11.    If the claim relates to an automobile accident:

| | |
|---|---|
| Claimant(s) Auto Ins. Co.: PROGRESSIVE | Telephone: (800)776-4737 |
| Address: P.O. BOX 94670 | |
| CLEVELAND, OH 44101 | Insurance Policy No.: 952711624 |
| Insurance Broker/Agent: | Telephone: |
| Address: | |
| Claimant's Veh. Lic. No.: 8FQM714 | Vehicle Make/Year: HYUNDAI 2012 |
| Claimant's Drivers Lic. No.: Y4818885 | Expiration: 08/02/2024 |

*If applicable, please attach any repair bills, estimates or similar documents supporting your claim.*

**READ CAREFULLY**

For all accident claims, place on following diagram name of streets, including North, East, South, and West; indicate place of accident by "X" and by showing house numbers or distances to street corners.   If City/Agency Vehicle was involved, designate by letter "A" location of City/Agency Vehicle when you first saw it, and by "B" location of yourself or your vehicle when you first saw City/Agency Vehicle; location of City/Agency vehicle at time of accident by "A-1" and location of yourself or your vehicle at the time of the accident by "B-1" and the point of impact by "X."

**NOTE:** If diagrams below do not fit the situation, attach hereto a proper diagram signed and by claimant.



**Warning:**  Presentation of a false claim is a felony.   See California Penal Code §72.   In the event a legal action is filed and it is determined that the action was not filed in good faith and with reasonable cause, the City/Agency may seek to recover all costs of defense.   See California Code of Civil Procedure §1038.

| | |
|---|---|
| ln ln | CHRISTOPHER B. ADAMSON, ESQ. C/O RANSOME NDI NFOR |  1-12-24 |
| Signature of the Claimant or Person acting on the Claimant's behalf | | Date |

Page 3 of 3

# EXHIBIT 2



# REJECTION OF CLAIM

January 29, 2024

Ransom Ndi Nfor
c/o Christopher B. Adamson, Esq.
1150 S Robertson Blvd
Los Angeles, CA 90035

| Reference: | Principal: | City of Perris |
|---|---|---|
| | Loss Date: | 12/08/2023 |
| | Claim(s) Made: | 1/16/2024 |
| | Claimant(s): | Ndi Nfor, Ransom |
| | Our File Number: | 24-176834 |

Dear Mr. Ndi Nfor:

We are the Third-Party Administrator handling the liability claims for the City of Perris.

Notice is hereby given that the claim, which you presented to the City of Perris on 1/16/2024, was rejected 1/29/2024. As part of this rejection notice, Government Code Section 913 requires that the City of Perris provide you with the following notice:

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file an action under California law on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Should you have any questions or wish to discuss this matter, please do not hesitate to contact the undersigned.

Sincerely,

Michael Fredrics
Liability Administrator
(909)396-5824
mfredrics@adminsure.com

cc:     City of Perris



**PUBLIC ENTITY RISK MANAGEMENT AUTHORITY**

## PROOF OF SERVICE

STATE OF CALIFORNIA            }
COUNTY OF SAN BERNARDINO   }

I am over the age of 18 years and not a party to the within action. My business address is 3380 Shelby Street.

On January 29, 2024, I served the documents entitled *REJECTION OF CLAIM* by placing a true copy thereof, enclosed in a sealed envelope, via U.S. Mail, addressed as follows:

Ransom Ndi Nfor
c/o Christopher B. Adamson, Esq.
1150 S Robertson Blvd
Los Angeles, CA 90035

[X]    {BY MAIL}  As follows:  I am "readily familiar" with the business practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Ontario, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]    {BY PERSONAL SERVICE}  I caused such envelope to be delivered by hand to the offices of the addressee.

[  ]    {BY FACSIMILE MACHINE}  I caused the above-referenced document to be transmitted via facsimile machine on January 29, 2024 to the interested parties at the facsimile number noted above.

[X]    {STATE}  I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on_____January 29, 2024_____

_____
Signature

Andrew Acevedo
Andrew Acevedo

# EXHIBIT 3

# COUNTY OF RIVERSIDE    CLAIM FOR DAMAGES TO PERSON OR PROPERTY

| | | OFFICE USE ONLY |
|---|---|---|
| **INSTRUCTIONS:** | | |
| 1. Read claim *thoroughly*. | | |
| 2. Fill out claim as indicated; attach additional information if necessary. | | |
| 3. This office needs the *original* completed claim form and clear readable copies of attachments (if any) if originals are not available. | | |
| 4. This claim form *must* be signed. | | |

**DELIVER OR U.S. MAIL TO:** CLERK OF THE BOARD OF SUPERVISORS
ATTN: CLAIMS DIVISION
P.O. BOX 1147, 4080 LEMON ST, 1ST FL.
RIVERSIDE, CA. 92502-1147  (951) 955-1060

TIME STAMP HERE

| 1. FULL NAME OF CLAIMANT | 8. WHY DO YOU CLAIM THE COUNTY IS RESPONSIBLE? |
|---|---|
| RANSOME NDI NFOR | |

| 2. MAILING ADDRESS (STREET / PO BOX) | |
|---|---|
| 1150 S ROBERTSON BLVD | **NEGLIGENCE DUE TO HIGH SPEED** |

| CITY | STATE | ZIP CODE | |
|---|---|---|---|
| LOS ANGELES | CA | 90035 | **CRIMINAL POLICE PURSUIT** |

| HOME TELEPHONE | BUSINESS TELEPHONE | 9. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE) |
|---|---|---|
| ( 310 ) 888-0024 | ( ) | CITY OF PERRIS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, RIVERSIDE COUNTY SHERIFF |

| 3. WHEN DID DAMAGE OR INJURY OCCUR (PLEASE BE EXACT) | NAME: | DEPARTMENT: |
|---|---|---|
| 12/08/2023 @ 9:45PM APPROXIMATELY | DEPUTY LABACO #5797 | RIVERSIDE COUNTY SHERIFF |

| 4. WHERE DID DAMAGE OR INJURY OCCUR? | 10. WITNESSESS TO DAMAGE OR INJURY: LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION. |
|---|---|
| REDLANDS AVE / E SAN JACINTO AVE | |

| STREET | CITY | STATE | ZIP CODE | NAME | PHONE |
|---|---|---|---|---|---|
| PERRIS, CA 92571 | | | | JUDE NJOFANG | (240)551-6295 |

| 5. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED: | ADDRESS |
|---|---|
| | 28333 SOCORRO ST APT 49, MURRIETA, CA 92563 |

| | NAME | PHONE |
|---|---|---|
| CLAIMANT WAS HEADED HOME AFTER PLAYING SPORTS WITH FRIENDS. HE WAS TRAVELING EASTBOUND ON E SAN JACINTO AVE MAKING A RIGHT TURN ONTO SOUTHBOUND REDLANDS AVE WHEN HE NOTICED A HIGH SPEED POLICE PURSUIT SPEEDING UP NORTHBOUND REDLANDS AVE. BEFORE CLAIMANT COULD MAKE ATTEMPTS TO AVOID A COLLISION, THE EVADING PARTY COLLIDED INTO CLAIMANT'S VEHICLE. | | |
| | ADDRESS | |
| | NAME | PHONE |
| | ADDRESS | |

| 11. LIST DAMAGES INCURRED TO DATE (attach copies of receipts or repair estimates) |
|---|
| |

| 6. WERE POLICE OR PARAMEDICS CALLED? | ☑ YES | ☐ NO | TBD |
|---|---|---|---|

| 7. IF PHYSICIAN/HOSPITAL WAS VISITED DUE TO INJURY, INCLUDE DATE OF FIRST VISIT AND HOSPITAL'S NAME, ADDRESS AND PHONE NUMBER: | |
|---|---|

| DATE OF FIRST VISIT | PHYSICIAN'S/HOSPITAL'S NAME | |
|---|---|---|
| 12/08/2023 | RUHS MEDICAL | |

| PHYSICIAN'S/HOSPITAL'S ADDRESS | PHONE: | TOTAL DAMAGES TO DATE | TOTAL ESTIMATED PROSPECTIVE DAMAGES |
|---|---|---|---|
| 26520 CACTUS AVE MORENO VALLEY CA 92555 | (951)486-4000 | $ TBD | $ TBD |

**THIS CLAIM MUST BE SIGNED TO BE VALID.**    **NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72.)**

**W A R N I N G :**

➢ CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN SIX (6) MONTHS AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

➢ ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE (1) YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

➢ SUBJECT TO CERTAIN EXCEPTIONS. YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF THE WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

➢ IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

| 12. CLAIMANT OR PERSON FILING ON HIS/HER BEHALF | | 13. PRINT OR TYPE NAME | DATE |
|---|---|---|---|
| *(signature)* | ATTORNEY | CHRISTOPHER B. ADAMSON, ESQ. C/O RANSOM NDI NFOR | 1-12-24 |
| SIGNATURE | RELATIONSHIP TO CLAIMANT | ELIJAH@AA.LAW / CHRISTOPHER@AA.LAW | |

COB 06/27/03 BGS

REVISED: 7/20/2010

# EXHIBIT 4



OFFICE OF THE
**CLERK OF THE BOARD OF SUPERVISORS**
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA 92502-1147
PHONE: (951) 955-1060   FAX: (951) 955-1071

**KIMBERLY A. RECTOR**
Clerk of the Board of Supervisors

**APRIL BOYDD**
Assistant Clerk of the Board

January 30, 2024

RANSOME NDI NFOR
C/O ADAMSON AHDOOT INJURY ATTORNEYS
1150 S. ROBERTSON BLVD.
LOS ANGELES, CA 90035

**RE: NOTICE OF REJECTION OF CLAIM**
Claimant(s):          **NFOR, Ransome Ndi**
Date of Loss:         **12/08/2023**
Claim No:             **033-24**
Date Claim Received:  **01/23/2024**

Notice is hereby given that the claim you presented to the Clerk of the Board of Supervisors was rejected by the Board on January 30, 2024.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kimberly A. Rector
Clerk to the Board of Supervisors

By:

Joseph Sheinin, Clerk of the Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action. On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on January 30, 2024.

Joseph Sheinin, Clerk of the Board Assistant
GL090

RM:   202341059

# EXHIBIT 5

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

---

**CLAIMANT INFORMATION**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| NFOR | RANSOME | N. |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME(if applicable) |
|---|---|
| N/A | N/A |

| TELEPHONE NUMBER | EMAIL ADDRESS |
|---|---|
| (310)888-0024 | ELIJAH@AA.LAW / CHRISTOPHER@AA.LAW |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 1150 S ROBERTSON BLVD | LOS ANGELES | CA | 90035 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME(Insurance Company Subrogation) |
|---|---|
| ☐ Yes   ☒ No | |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME(if applicable) |
|---|---|---|
| ☐ Yes   ☒ No | | |

**ATTORNEY OR REPRESENTATIVE INFORMATION**

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| ADAMSON | CHRISTOPHER | B. |

| TELEPHONE NUMBER | EMAIL ADDRESS |
|---|---|
| (310)888-0024 | ELIJAH@AA.LAW / CHRISTOPHER@AA.LAW |

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| 1150 S ROBERTSON BLVD | LOS ANGELES | CA | 90035 |

**CLAIM INFORMATION**

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED | DATE OF INCIDENT |
|---|---|
| STATE OF CALIFORNIA, CITY OF PERRIS, COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF, DEPUTY LABACO #5797 | 12/08/2023 |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

N/A

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE(Required, if amount is more than $10,000) |
|---|---|
| TBD | ☐ Limited ($25,000 or less)   ☒ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION
TBD

INCIDENT LOCATION
REDLANDS AVE / E SAN JACINTO AVE - PERRIS, CA

SPECIFIC DAMAGE OR INJURY DESCRIPTION

TBD

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY
CLAIMANT WAS HEADED HOME AFTER PLAYING SPORTS WITH FRIENDS. HE WAS TRAVELING EAST ON E SAN JACINTO AVE MAKING A LEFT TURN ONTO NORTHBOUND REDLANDS AVE WHEN HE NOTICED A HIGH SPEED POLICE PURSUIT SPEEDING DOWN SOUTHBOUND REDLANDS AVE. BEFORE CLAIMANT COULD MAKE ATTEMPTS TO AVOID A COLLISION, THE EVADING PARTY COLLIDED INTO CLAIMANT'S VEHICLE.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

CLAIMANT WAS A VICTIM OF NEGLIGENCE ON BEHALF OF THE CITY OF PERRIS, THE COUNTY OF RIVERSIDE, THE STATE OF CALIFORNIA, AND THE RIVERSIDE COUNTY SHERIFF DEPARTMENT DUE TO THE PRIMARY CRASH FACTOR BEING A HIGH SPEED PURSUIT.

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

---

**AUTOMOBILE CLAIM INFORMATION**

| DOES THE CLAIM INVOLVE A STATE VEHICLE? <br> ☒ Yes  ☐ No | VEHICLE LICENSE NUMBER(if known) <br> UNKNOWN | STATE DRIVER NAME (if known) <br> DEPUTY LABACO #5797 |
|---|---|---|
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER? <br> ☒ Yes  ☐ No | INSURANCE CARRIER NAME <br> PROGRESSIVE | INSURANCE CLAIM NUMBER <br> 23-4405441 |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY? <br> ☐ Yes  ☒ No | AMOUNT RECEIVED (if any) <br> $0.00 | AMOUNT OF DEDUCTIBLE(if any) <br> $500.00 |

**NOTICE AND SIGNATURE**

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE <br> *(signature)* | PRINTED NAME <br> CHRISTOPHER B. ADAMSON, ESQ. C/O RANSOM NDI NFOR | DATE <br> 1-12-24 |
|---|---|---|

**INSTRUCTIONS**

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

---

**Department of General Services Privacy Notice on Information Collection**

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS Is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years, You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGS ORIM**
**Public Records Officer**
**707 3rd St., West Sacramento, CA 95605**
**(916) 376-5300**

Electronically FILED by Superior Court of California, County of Riverside on 03/22/2024 12:55 PM
Case Number CVRI2401530 0000087761154 - Jason B. Galkin, Executive Officer/Clerk of the Court by Joseline DeRosier, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher B. Adamson, Esq. (State Bar No. 238500)<br>Adamson Ahdoot LLP, 1150 S. Robertson Blvd., Los Angeles, CA 90035<br><br>TELEPHONE NO.: 310.888.0024    FAX NO.: 888.895.4665<br>EMAIL ADDRESS: christopher@aa.law<br>ATTORNEY FOR *(Name):* Plaintiff - Ransome Ndi Nfor | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Nfor v. City of Perris, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CVRI 2401530 |
|---|---|---|
| [x] Unlimited     [ ] Limited<br>(Amount          (Amount<br>demanded         demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[x] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4.  Number of causes of action *(specify):* (2)
5.  This case [ ] is  [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 22, 2024
Christopher B. Adamson, Esq.
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
*www.courts.ca.gov*

`.  `  `( `  `▼`

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**      **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically FILED by Superior Court of California, County of Riverside on 03/22/2024 12:55 PM
Case Number CVRI2401530 0000087761156 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

RI-CI032

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Christopher B. Adamson, Esq. (State Bar No. 238500)
Adamson Ahdoot LLP
1150 S. Robertson Blvd.
Los Angeles, CA 90035

TELEPHONE NO: 310.888.0024      FAX NO. *(Optional)*: 888.895.4665

E-MAIL ADDRESS *(Optional)*: christopher@aa.law
ATTORNEY FOR *(Name)*: Plaintiff - Ransome Ndi Nfor

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: Ransome Ndi Nfor

DEFENDANT/RESPONDENT: City of Perris, et al.

CASE NUMBER:
CVRI 2401530

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒     The action arose in the zip code of: 92571 _____

☐     The action concerns real property located in the zip code of: _____

☐     The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  March 22, 2024 _____

Christopher B. Adamson, Esq. _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►     _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 3117
riverside.courts.ca.gov/localforms/localfrms.shtml